**Nicholas BERNHARD, Ralph Natale, Kirk Conaway, and Roy Kohn, as Trustees of Health Fund 917 and the Local 917 Pension Fund, Plaintiffs,**

v.

**CENTRAL PARKING SYSTEM OF NEW YORK, INC. and Sonya Mitchell, Defendants.**

No. 10–cv–5596 (ADS)(AYS).

United States District Court,
E.D. New York.

Signed March 30, 2015.

Klein Zelman Rothermel Jacobs & Schess LLP, by Jane B. Jacobs, Esq., Jesse Grasty, Esq., of Counsel, New York, NY, for Plaintiffs.

Certilman Balin Adler & Hyman, LLP, by Douglas E. Rowe, Esq., of Counsel, East Meadow, NY, for Defendants.

## DECISION AND ORDER

SPATT, District Judge.

On November 26, 2010, former Plaintiffs John Vacca and David Perez and Plaintiffs Kirk Conway and Roy Kohn, as Trustees of the Health Fund 917 and the Local 917 Pension Fund, and former Plaintiffs the Health Fund 917 and the Local 917 Pension Fund, commenced this action against the Defendants Central Parking System of New York, Inc. ("Central") and John Doe (collectively the "Defendants"). The Plaintiffs filed the complaint pursuant to Sections 404, 406, 502, and 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

On August 6, 2011, the Court "So Ordered" a notice by the Plaintiffs to substitute Nicholas Bernhard and Ralph Natale in place of John Vacca and David Perez.

On April 18, 2012, the Court granted the Defendants' motion to amend the complaint and substitute Sonya Mitchell ("Mitchell") in place of John Doe.

On April 25, 2012, the Plaintiffs filed an amended complaint omitting the Health Fund 917 and the Local 917 Pension Fund as Plaintiffs.

On December 31, 2014, a telephone conference was held, at which time counsel reported to the Court that the case had been settled except for the issue of attorneys' fees and costs. The terms of the settlement, as disclosed by the Defendants in their papers, provided for unpaid contributions, interest, and liquidated damages to the Health and Pension Funds.

On December 31, 2014, the Plaintiffs moved pursuant to 29 U.S.C. § 1132(g)(2) for attorneys' fees and costs.

In an ERISA action brought by a fiduciary for or on behalf of a benefit plan to enforce rights under Section 1145, the statute specifies the damages to be awarded when "judgment in favor of the plan is awarded":

██ Section 1132(g)(2) provides, in pertinent part:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

This section "thus creates a mandatory right to interest, liquidated damages, and attorney's fees 'in any case in which a *judgment in favor of the plan is awarded.*'" *Trustees of Pavers & Rd. Builders Dist. Council Welfare v. Cole Partners, Inc.*, No. 13–CV–07103 (NGG)(RML), 2015 WL 861717, at *3 (E.D.N.Y. Feb. 27, 2015) (citation omitted and emphasis added).

Here, the Plaintiffs contend that they are entitled to attorneys' fees and costs notwithstanding the absence of a judgment entered in their favor, much less any judgment. The Plaintiffs rely on the decision of *Trustees of Bricklayers & Allied Craftworkers Local 5 New York Reitrement v. Helmer–Cronin Const., Inc.*, No. 03 CIV. 0748(MDF), 2005 WL 3789085, at *3 (S.D.N.Y. Oct. 24, 2005).

In that case, the court awarded attorneys' fees to the plaintiffs' notwithstanding the absence of a judgment entered in their favor. In finding this permissible under § 1132(g)(2), the court cited *Iron Workers Dist. Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d Cir.1995).

However, in *Iron Workers*, the Second Circuit held that " § 1132(g)(2) does not require that a favorable judgment be awarded on each of the four items of relief specified therein. It simply directs that

once there is a favorable judgment, the plaintiff is entitled to all the measures of relief not already obtained." *Id.* at 1507. Therefore, contrary to the Plaintiffs' contention, fairly read, *Iron Workers* does not stand for the proposition that attorneys' fees are mandatory under § 1132(g)(2) in the absence of a judgment in favor of the plaintiff. Rather, *Iron Workers* merely holds that the favorable judgment need not be entered on each item of relief in order to trigger the mandatory provisions of § 1132(g)(2), so long as there is a favorable judgment of some kind.

Here, by contrast, there has been no "judgment in favor of the plan" of any kind. Therefore, under the clear terms of Sections 1132(g)(2), the Plaintiffs are not entitled to attorneys' fees.

In this regard, the Court takes note of *Morin v. Nu–Way Plastering Inc.*, No. CV 03–405(LDW)(ARL), 2005 WL 3470371, at *1 (E.D.N.Y. Dec. 19, 2005), another case brought pursuant to Section 502(g)(2)(D) of ERISA. In that case, United States Magistrate Judge Arlene L. Lindsay "So Ordered" a Stipulation of Settlement and Judgment, after which she awarded the Plaintiffs attorneys' fees under § 1132(g)(2)(D). Here, again, in this case, by contrast, there has been no Judgment or Stipulation of Judgment.

As the Supreme Court of the United States has noted, the language of Section 1132(g)(2) "contrasts sharply" with 29 U.S.C. § 1132(g)(1), which provides, in pertinent part: "[i]n any action under this title ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252, 130 S.Ct. 2149, 2156, 176 L.Ed.2d 998 (2010). In *Hardt*, a decision involving Section 1132(g)(1), the Supreme Court stated that "[t]he contrast between these two

paragraphs makes clear that Congress knows how to impose express limits on the availability of attorney's fees in ERISA cases." *Id.*

It is true, as the Plaintiffs contend, that *Hardt* did not define the "express limits" on the availability of attorneys' fees under Section 1132(g)(2). In arguing that a favorable judgment is not a prerequisite to an award of attorneys' fees under that provision, the Plaintiffs point to a Staff Report of the Senate Committee of Labor and Human Resources with respect to the 1980 ERISA amendments, which "added the current slate of mandatory penalties to be assessed in favor of a plan *obtaining a favorable judgment.*" *Iron Workers Dist. Council of W. New York,* 68 F.3d at 1506 (emphasis added).

> Relevant here, the report provides:
>
> A plan sponsor that *prevails in any action* to collect delinquent contributions will be entitled to recover the delinquent contributions, court costs, attorney's fees, and double interest on the contributions owed.

*Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.,* 522 F.Supp. 919, 927–28 (1981) (quoting Staff of Sen. Comm. on Labor and Human Resources, 96th Cong., 2d Sess., S. 1076, The Multiemployer Pension Plan Amendments of 1980: Summary and Analysis of Consideration (Comm. Print 1980) 43–44)(emphasis added).

While "several courts in this Circuit had concluded that a settling party in an ERISA action could be a 'prevailing party entitled to attorneys' fees, irrespective of the reason that the case settled," *Taaffe v. Life Ins. Co. of N. Am.,* 769 F.Supp.2d 530, 541 (S.D.N.Y.2011), the Plaintiffs here cannot avoid the fact that language extending mandatory attorneys' fees to a "prevailing party" is nowhere to be found in Section 1132(g)(2), the provision under which they seek attorneys' fees and costs. *See Dep't*

*of Hous. & Urban Dev. v. Rucker,* 535 U.S. 125, 132, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002) ("[R]eference to legislative history is inappropriate when the text of a statute is unambiguous."); *see generally Hardt,* 560 U.S. at 251, 130 S.Ct. 2149, 2156 (2010) ("We must enforce plain and unambiguous statutory language according to its terms.").

Rather, as noted above, such mandatory fees are strictly limited to the scenario when "judgment in favor of the plan is awarded." In this regard, the legislative history relied upon by the Plaintiffs, in fact, does not appear to support their position.

The Court appreciates the concern of the Plaintiffs about not allowing defendant-employers to delay payment of delinquent ERISA contributions as part of settlements until late in the litigation so as to escape payment of attorneys' fees. However, this argument does not address the otherwise plain terms of Section 1132(g)(2). Absent an amendment substituting "prevailing party" or other triggering language to this provision, plaintiffs must take this concern into account in settlement negotiations in certain ERISA cases.

 Accordingly, the Court finds that absent a "judgment in favor of the plan" as required by the plain terms of Section 1132(g)(2), a plan is not entitled to attorneys' fees and costs under that provision. For this reason, the Court denies the Plaintiffs' motion for attorneys' fees and costs. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**